# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JUSTIN D. THOMAS,

        Petitioner,    :    Case No. 3:15-cv-163

- vs -    District Judge Thomas M. Rose
    Magistrate Judge Michael R. Merz

CHARLOTTE JENKINS, Warden,
 Chillicothe Correctional Institution,

                                                                         :

        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court for initial review pursuant to Rule 4 of the Rules Governing § 2254 Cases which provides in pertinent part: "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Petitioner Justin D. Thomas brings this action to seek habeas corpus relief from his convictions in the Darke County Common Pleas Court for felonious assault, attempted abduction, and domestic violence (Petition, Doc. No. 1, ¶ 5, PageID[1] 1.)  He pleads two grounds

---

[1] When any document is filed with this Court, the Court's electronic filing system affixes a unique Page Identification Number in the upper right hand corner of every page. The attention of the parties is directed to this Magistrate Judge's Standing Order of May 8, 2014, which provides in pertinent part "All references to the record in this Court must be to the filed document by title, docket number, and PageID reference. (E.g., Defendant's Motion to Dismiss, Doc. No. 27, PageID ___.)  The large majority of cases before this Magistrate Judge are habeas corpus cases with large state court records and correct citation to the record is critical to judicial economy.  Therefore, nonconforming filings will be stricken.

for relief:

> **Ground One: Double Jeopardy**
>
> **Supporting Facts:** The record will concur that Petitioner's conduct stemmed from a concurrent chemical reaction that was interposed at the same time, including being sentenced is [sic] successive proceedings.
>
> **Ground Two: Failure to Follow Legislative Intent**
>
> **Supporting Facts:** As intended by the General Assembly, House Bill 86 was enacted in September 2011 to revive truth-in-sentencing guidelines for first-time offenders. No state court granted deference to the legislature.

(Petition, Doc. No. 1, PageID 5, 7.)

The underlying facts of this case are reported in the opinion of the Second District Court of Appeals, *State v. Thomas*, 2014 Ohio App. LEXIS 2612 (2nd Dist. June 20, 2014):

> **[\*P2]** On May 25, 2012, Thomas was indicted in Case No. 2012-CR-78 for one count of domestic violence, one count of having weapons while under disability, and one count of attempted murder. The charges arose from a May 7, 2012 domestic dispute between Thomas and his wife. During the dispute, Thomas hit his wife in the face and then attempted to shoot her with a 12-gauge stemmed shotgun as she was fleeing their home. Prior to the dispute, Thomas had been charged in Case No. 2011-CR-187 for aggravated robbery and abduction. The charges in that case from Thomas robbing his grandfather at gunpoint on September 6, 2011.

*Id.* The Second District then describes the further proceedings in the trial court:

> **[\*P3]** Thomas initially pled not guilty to the all charges. Following his plea, the trial court ordered a competency evaluation to be performed, as Thomas had been previously diagnosed and medicated for Post-Traumatic Stress Disorder (PTSD). Based on that evaluation, the trial court found Thomas competent to stand trial.
>
> **[\*P4]** On October 15, 2012, Thomas entered into a combined plea agreement for both cases pending against him. Pursuant to the plea agreement, Thomas pled guilty in Case No. 2012-CR-78 to

> one count of domestic violence in violation of R.C. 2919.25(A), a misdemeanor of the first degree; one count of having weapons while under disability in violation of R.C. 2923.13(A)(2), a felony of the third degree; and one count of felonious assault with a deadly weapon in violation of R.C. 2903.11(A)(2), a felony of the second degree. In addition, Thomas pled guilty in Case No. 2011-CR-187 to one count of attempted abduction in violation of R.C. 2923.02, a felony of the fourth degree.
>
> **[\*P5]**  At his combined plea and sentencing hearing, Thomas and the State jointly recommended that the trial court impose an aggregate prison term of four years and eleven months for both cases.  Under the joint recommendation, Thomas would concurrently serve six months in prison for the domestic violence offense, two years in prison for having weapons under disability, and four years in prison for the felonious assault in Case No. 2012-CR-78. He would then serve a consecutive eleven-month prison term for the attempted abduction offense in Case No. 2011-CR-187. Both parties indicated on the record that they understood if the court were to impose the jointly recommended sentence, that the sentence may not thereafter be appealed pursuant to R.C. 2953.08(D)(1).
>
> **[\*P6]**  On October 15, 2012, the trial court imposed the jointly recommended sentence, thereby sentencing Thomas to the agreed upon four years and eleven months in prison. Thomas did not directly appeal from his conviction and sentence; however, he filed multiple postconviction motions, including a motion to correct sentence filed on September 4, 2013. In that motion, Thomas argued: (1) the trial court erred in failing to merge his offenses at sentencing; (2) the trial court imposed consecutive sentences without making the findings required by R.C. 2929.14(C)(4); and (3) his guilty plea was not entered knowingly and voluntarily. The trial court issued a decision on September 27, 2013, overruling the motion.

*Id.*  Thomas appealed from this decision to the Ohio Supreme Court, but it declined to take jurisdiction of the case.  *State v. Thomas*, 141 Ohio St. 3d 1490 (2015).  This timely habeas corpus petition followed.

**Ground One:  Double Jeopardy**

Thomas raised his Double Jeopardy claim before the Second District as his First Assignment of Error in that court, phrasing it in terms of Ohio's allied offenses statute, Ohio Revised Code § 2941.25.  The court rejected that claim as follows:

> As for his allied offense claim, in order for his convictions to merge, it must have been possible for Thomas to have committed the offenses in question with the same conduct and he must have in fact committed the offenses with the same conduct-"i.e. 'a single act, committed with a single state of mind.'" *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, ¶ 48-50, quoting *State v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, ¶ 50 (Lanzinger, J., dissenting). However, "if the offenses are committed separately, or if the defendant has separate animus for each offense, then, according to R.C. 2941.25(B), the offenses will not merge." *Id.* at ¶ 51. "The Supreme Court of Ohio has interpreted the term 'animus' to mean 'purpose or, more properly, immediate motive.'" *State v. Grissom*, 2d Dist. Montgomery No. 25750, 2014-Ohio-857, ¶ 40, quoting *State v. Logan*, 60 Ohio St.2d 126, 131, 397 N.E.2d 1345 (1979). (Other citations omitted.)
>
> **[*P16]**  Here, the record indicates that Thomas's domestic violence and felonious assault convictions arose from separate acts of Thomas hitting his wife in the face and then later attempting to shoot her as she left their home. Thomas's attempted abduction of his grandfather was also clearly a separate act, as it occurred on a separate date and involved a separate victim. Accordingly, these are not allied offenses that merge.

*State v. Thomas, supra,* at ¶ 15-16.

The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution  affords a defendant three basic protections:

> It protects against a second prosecution for the same offense after acquittal.  It protects against a second prosecution for the same offense after conviction.   And it protects against multiple punishments for the same offense.

*Brown v. Ohio*, 432 U.S. 161, 165(1977), *quoting North Carolina v. Pearce*, 395 U.S. 711, 717 (1969). The Double Jeopardy Clause was held to be applicable to the States through the Fourteenth Amendment in *Benton v. Maryland*, 395 U.S. 784, 794 (1969).

The test for whether two offenses constitute the same offense for Double Jeopardy purposes is "whether each offense contains an element not contained in the other." *United States v. Dixon*, 509 U.S. 688, 696 (1993); *Blockburger v. United States*, 284 U.S. 299, 304 (1932). Where two offenses are the same for *Blockburger* purposes, multiple punishments can be imposed if the legislature clearly intended to do so. *Albernaz v. United States*, 450 U.S. 333, 344 (1981); *Missouri v. Hunter*, 459 U.S. 359, 366 (1983); *Ohio v. Johnson*, 467 U.S. 493, 499 (1984); and *Garrett v. United States*, 471 U.S. 773, 779 (1985). *White v. Howes*, 586 F.3d 1025, 1035 (6th Cir. 2009)("The current jurisprudence allows for multiple punishment for the same offense provided the legislature has clearly indicated its intent to so provide, and recognizes no exception for necessarily included, or overlapping offenses.") The *Blockburger* test is a rule of statutory construction, not a constitutional test in itself. *Volpe v. Trim*, 708 F.3d 688 (6th Cir. 2013), *citing Albernaz.* "When assessing the intent of a state legislature, a federal court is bound by a state court's construction of that state's own statutes." *Volpe, citing Banner v. Davis*, 886 F.2d 777, 780 (6th Cir. 1989).

An Ohio court of appeals decision of a double jeopardy claim which is limited to the application of Ohio Rev. Code § 2941.25 is entirely dispositive of the federal double jeopardy claim. *Jackson v. Smith*, 745 F.3d 206 (6th Cir. 2014), citing *State v. Rance*, 85 Ohio St. 3d 632 (1999), *overruled by State v. Johnson*, 128 Ohio St. 3d 153 (2010). "What determines whether the constitutional prohibition against multiple punishments has been violated is the state legislature's intent concerning punishment. Specifically, '[w]ith respect to cumulative sentences

5

imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended.'" *Jackson v. Smith*, 745 F.3d 206 (6th Cir. 2014), quoting *Missouri v. Hunter*, 459 U.S. 359, 366 (1983).

Because the Second District determined that Thomas' offenses were not allied offenses of similar import, his First Ground for Relief should be dismissed with prejudice.

**Ground Two:   Failure to Follow Legislative Intent**

In his Second Ground for Relief, Thomas claims the Ohio courts did not follow legislative intent when they failed to apply House Bill 86 to his sentencing.  He raised this as his Second Assignment of Error on appeal and the Second District decided it as follows:

> **[\*P18]** In addition, Thomas's claim that the trial court erred in failing to make the required consecutive sentence findings under R.C. 2929.14(C)(4) also lacks merit, because he jointly recommended his sentence to the trial court. The Supreme Court of Ohio has acknowledged that "[t]he General Assembly intended a jointly agreed-upon sentence to be protected from review precisely because the parties agreed that the sentence is appropriate. Once a defendant stipulates that a particular sentence is justified, the sentencing judge no longer needs to independently justify the sentence." *State v. Porterfield*, 106 Ohio St.3d 5, 2005-Ohio-3095, 829 N.E.2d 690, ¶ 25; *see also State v. Jefferson*, 10th Dist. Franklin No. 12AP-238, 2014-Ohio-411, ¶ 1-4 (finding the appellant cannot appeal from the trial court's imposition of consecutive sentences given that the sentence was jointly recommended to the trial court). Given that Thomas and the State jointly recommended the sentence imposed by the trial court, the court was not required to independently justify its imposition of consecutive sentences.

*State v. Thomas, supra.*  Thus the Second District expressly determined that the Ohio General Assembly did not intend Thomas to be sentenced differently because of the adoption of H.B. 86

6

in that he had an agreed-upon sentence. Even assuming some principal of federal constitutional law requires a state court to follow the intent of state legislatures, this Court is bound to accept the Ohio courts' interpretation of what the legislative intent is. Therefore Thomas' Second Ground for Relief should also be dismissed with prejudice.

**Conclusion**

In accordance with the foregoing analysis, it is respectfully recommended that the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

May 6, 2015.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report

and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).